IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEPHEN LANDRY #2057064 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv446 |
| MICHAEL'S UNIT, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Landry, a prisoner of the Texas Department of Justice (TDCJ) proceeding *pro se*, filed this section 1983 proceeding without payment of the filing fee. Plaintiff's case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Federal law permits district courts to authorize a plaintiff to proceed without prepayment of the filing fee when he establishes that he "is unable to pay such fees or give security therefor" in light of all his assets. 28 U.S.C. § 1915(a)(1). On November 17, 2021, the Court observed that the trust account statement Plaintiff submitted with his complaint evidenced an ability to pay the $402 fee for this case and ordered him to pay the fee within thirty days. (Dkt. #4.) The Court thereafter granted multiple extensions of that deadline, most recently setting March 15, 2022, as the date by which Plaintiff's full payment was due. (Dkt. ##14, 16.) The Court expressly cautioned that no further extensions would be granted and that "failure to comply with this order may result in dismissal of the case." (Dkt. #16 at 2.)

Plaintiff has not complied with that order. Rather than paying the $402 filing fee, Plaintiff has inexplicably paid the Court $2, received from the TDCJ on February 23, 2022. This payment evidences an understanding and ability by Plaintiff to employ the TDCJ's process for issuing payments from his trust account and a conscious decision by him not to use that process to pay the

full amount of his filing fee, despite having the funds to do so. Moreover, mail sent to Plaintiff by the Court was recently returned as "refused." (Dkt. #17.) This refusal evidences a choice by Plaintiff not to communicate with the Court about this case or to read and comply with its orders.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed. R. Civ. P. 41(b). Here, Plaintiff failed to comply with the Court's orders directing him to pay the filing fee and has refused mail from the Court.

Dismissal with prejudice for failure to prosecute or to comply with an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to prosecute in this case is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed without prepayment and that this case be dismissed, without prejudice, for failure to pay the required filing fee and to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 28th day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE